EBENEZER M. BALL v. THE WATERTOWN FIRE INSURANCE COMPANY.

THE WATERTOWN FIRE INSURANCE COMPANY v. CYRUS E. PERKINS, WILLIAM H. VAN HORN AND EBENEZER M. BALL.

*Liability on insurance agent's bond—Premiums uncollected when bond was given—Costs.*

The bond of an insurance agent who had assumed an indebtedness of a former agent for uncollected premiums, does not cover the debt, but if the agent collects any part of the premiums it covers the amount.

An insurance agent's bond covers moneys collected by him within his district on policies issued independently of him; also, unearned premiums returned by the company on cancelled policies and remitted to the agent to be paid back to the assured.

A firm were appointed agents for an insurance company, one of them having previously been the agent, alone. They gave a bond for the faithful performance of their duties, which was conditioned, among other things, for the payment to the company of all moneys, etc. and other property belonging to it. They also gave their firm note for an amount covering a large amount of uncollected premiums due from the former agent. In an action on the bond to recover the amount due on the note, it was *held* that the firm could not charge their surety by assuming the amount due the company, but that if they collected any part of that amount the bond would cover it.

Costs are denied to either party where they would be about the same on
    both sides and both parties have sued out writs of error and neither
    has prevailed.

Error to Kent.    Submitted June 11.    Decided June 23.

ASSUMPSIT.- Both parties bring error.    Affirmed.

*Taggart & Wolcott* for Ball.

*Butterfield & Withey* for the Insurance Company.

MARSTON, C. J. William H. Van Horn had been acting
as agent of the Watertown Insurance Company for some time
previous and up to the 1st day of March, 1878.    There was
then a balance due the company for uncollected premiums,
of upwards of $400.    About March 1st Perkins & Van Horn
were duly appointed agents of the company, and gave a bond
for the faithful performance of their duty, signed by plaintiff
in error Ball as surety.    June 1st, 1878, Perkins & Van Horn
gave their firm note to the insurance company for $473.77
"to balance their account as it stood April 1st, 1878."    This
action is brought to recover upon their bond the amount due
upon this note.    It was claimed, and evidence was given
tending to show, that Perkins & Van Horn had, for a con-
sideration, agreed to and did assume the balance due the
company at the expiration of Van Horn's agency.

There is one portion of the charge of the court which
points out so clearly the duty of the jury that I here include
it :

"I am clearly of the opinion that if there had been no pre-
miums coming from the old business, but the premiums had all
been collected, and there was nothing left of the old business
excepting the debts which Van Horn should have paid, he
having collected all the money and put it in his pocket, that
then the surety could not be held for any of such liability,
even though they have a note for it, given as against the
surety, that ought certainly to be treated as an accommoda-
tion note ; but if this firm, as a firm, have collected to a con-
siderable amount, or any amount, of debts which belong to
the company from the old business, I cannot see any reason
why the bond should not cover them."

The material question in the case is whether the bond covers moneys so collected by the new firm on policies issued by Van Horn.

The bond was conditioned that Perkins & Van Horn should, among other things, " pay and deliver over to said company all moneys, record books, papers, or other property, belonging to said company," which should come into their hands as agents of the company.

As the court charged the jury, Perkins & Van Horn, by assuming the amount due the company at the expiration of Van Horn's agency, could not thereby charge their surety. If however they collected such balance, or any part thereof, in my opinion the bond given would cover the amount so collected, and their surety would be responsible therefor.

Uncollected premiums belonged to the company, and not to the agent who issued the policy. That such premiums could become the property of the agent under certain circumstances, we do not question, but no such circumstances exist in the present case. It does not appear that Van Horn's agency was continued after March 1st for the purpose of collecting premiums or policies theretofore issued, and that the firm of Perkins & Van Horn had authority to collect the same in virtue of their agency there can be no question. Such premiums were collected by the firm in the regular course of their duties, and when collected the same constituted moneys in their hands belonging to the company, and which they could not lawfully appropriate to their own use. The bond was not restricted to moneys coming into the agent's hands from policies issued by them after their appointment. The company might, independently of them, have issued policies, and directed them to collect the amount thereof, and if collected by them within their district, their bond would cover the same. So, had the company cancelled one of the policies issued by Van Horn and remitted to these agents the unearned premium to return the assured, for an appropriation thereof to their own use their bonds would cover the same.

I am of opinion that the charge of the court was correct

and that the judgment should be affirmed. Each party having sued out writs of error and each failed, no costs will be awarded either party. Costs if allowed would be about the same to each.

The other Justices concurred.